NORMAN K.K. LAU
Attorney At Law
A Law Corporation

NORMAN K.K. LAU  1795
820 Mililani Street, Suite 701
Honolulu, Hawaii  96813
Telephone No.:  (808) 523-6767
Facsimile No.:  (808) 523-6769
Email:        norm@normlau.com

Attorney for Plaintiff

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 23 2006

at __9__ o'clock and ___ min. ___M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROOSEVELT HARPER, | CIVIL NO. CV06 00342 HG LEK |
| Plaintiff, | |
| vs. | COMPLAINT; EXHIBITS 1-6; SUMMONS |
| MIDLAND CREDIT MANAGEMENT INC., | |
| Defendant. | |

## COMPLAINT

COMES NOW, Plaintiff, by and through his undersigned attorney, and alleges as follows:

## I.    INTRODUCTION

1.  This Complaint is filed and these proceedings are instituted under the "Fair Debt Collection Practices Act" 15 U.S.C. § 1692, et. seq., (hereinafter the Act), H.R.S. §480-2, and H.R.S. Chapter 443B to recover actual and statutory damages, reasonable attorney's fees and costs of suit due to Defendant's violations all of which occurred within one year from the filing

ORIGINAL

date of this Complaint.

## II.    **JURISDICTION**

2.    The jurisdiction of this Court is invoked pursuant to 15 U.S.C. §1692k(d).  This Court also has supplemental jurisdiction over the state law claims because they arise from a common nucleus of operative facts.

## III.   **FACTUAL ALLEGATIONS**

3.    Plaintiff Roosevelt Harper is a natural adult person, is a consumer as defined in 15 U.S.C. §1692a(3) and H.R.S. §480-1, a debtor as defined in H.R.S. §443B-1, and is a resident of the State of Hawaii at all relevant times herein.

4.    On information and belief, Defendant Midland Credit Management, Inc. (hereafter referred to as Defendant) is a Kansas corporation with its principal place of business in San Diego, California. Defendant attempted to collect a debt, as defined in 15 U.S.C. §1692a(5) and H.R.S. §443B-1, in Hawaii on behalf of a third-party from Plaintiff.  Defendant is a debt collector as defined in 15 U.S.C. §1692a(6) and a collection agency as defined in H.R.S. §443B-1.

5.    On or about August 25, 2005, Defendant sent a letter to Plaintiff demanding payment of $586.91 as a settlement offer for the balance owed of $1,173.81 which was allegedly owed to a third party regarding account number 8513090511 (hereafter referred to as the "Account").  Defendant was attempting to collect this alleged debt from Plaintiff.  This was Defendant's

initial communication, as defined in 15 U.S.C. 1692a(2), with Plaintiff. (See Exhibit 1 attached hereto).   Defendant failed to provide the 15 U.S.C. §1692g required validation of debt notice.

6.   Plaintiff was confused by the collection letter as he had already paid the debt in question.

7.   On or about September 6, 2005, Plaintiff, through the undersigned, sent a letter to Defendant in which he disputed the debt, requested verification of the debt, and the name and address of the original creditor.  (Exhibit 2).

8.   Defendant was informed in this same letter that the debt had already been paid through another collection company.

9.   On or about May 19, 2006, Defendant sent its "verification" to Plaintiff regarding the Account and again requested payment.  The "verification" was for the Account that was already paid to NCO Financial Systems, Inc.  (Exhibit 3).

10.   Plaintiff has already paid the amount owed to the original creditor by paying to the original creditor, Fingerhut, and then to NCO Financial Systems, Inc. (Exhibits 4-5).  In fact, Equifax deleted this Account from Plaintiff's consumer report after Plaintiff provided information to Equifax that the Account was paid.  (Exhibit 6).

11.   The amounts requested by Defendants were confusing, false, deceptive, and/or misleading because Plaintiff did not owe the amount that Defendant was attempting to collect.

12.   The underlying debt Defendants attempted to

collect was primarily for personal, family, or household
purposes.

13.     Defendant knew Plaintiff was represented by the
undersigned but still addressed its May 19, 2006 collection
letter to Plaintiff.

## IV.  CLAIMS FOR RELIEF

COUNT 1

14.     Plaintiff realleges and incorporates paragraphs 1-13
herein.

15.     By its actions, Defendant violated 15 U.S.C.
§1692b(6) and §1692c(a)(2).

COUNT 2

16.     Plaintiff realleges and incorporates paragraphs 1-13
herein.

17.     By its actions, Defendant violated 15 U.S.C.
§1692(e), in general, and subsections 2(A), 8, and 10, in
particular.

COUNT 3

18.     Plaintiff realleges and incorporates paragraphs 1-13
herein.

19.     By its actions, Defendant violated 15 U.S.C.
§1692f, in general, and subsection 1, in particular.

COUNT 4

20.     Plaintiff realleges and incorporates paragraphs 1-13
herein.

21.    By its actions, Defendant violated 15 U.S.C. §1692g(a).

COUNT 5

22.    Plaintiff realleges and incorporates paragraphs 1-13 herein.

23.    By its actions, Defendant violated H.R.S. §443B-18, in general, and subsection (5), in particular.

COUNT 6

24.    Plaintiff realleges and incorporates paragraphs 1-13 herein.

25.    By its actions, Defendant violated H.R.S. § 443B-19(4).

COUNT 7

26.    Plaintiff realleges and incorporates paragraphs 1-13 herein.

27.    By its actions, Defendant violated H.R.S. §480-2.

V.    **CONCLUSION**

WHEREFORE, Plaintiff prays that this Court:

1.    Award actual damages as will be proved at trial.

2.    Award statutory damages in the amount of $1,000 for each violation of the Act against Defendant.

3.    Award a minimum of $1,000 or threefold damages, whichever is greater, pursuant to H.R.S. § 480-13(b)(1) for violation of H.R.S. Chapter 443B and/or H.R.S. § 480-2 plus costs and reasonable attorney's fees against Defendant.

4.    Award pre and post judgment interest; and

5.    Award such other relief this Court deems just and
equitable including, but not limited to, attorney's fees and
costs.

DATED:  Honolulu, Hawaii. June 23, 2006

NORMAN K.K. LAU
Attorney for Plaintiff